## J. W. RAWLINS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—595.]

**Sufficiency of Indictment for Forgery.**

> Where an indictment has but one count and charges one with forging an instrument, and then adds allegations as to what the accused did with the instrument, it charges but one offense, that of forgery, the other allegations being surplusage.

> The statute (Gen. Stat. 1883, Ch. 29, Art. 10, § 1) defining forgery, providing that "If any person shall forge or counterfeit a bank bill or note or check, or draft upon a bank, * * * or company authorized by law of the United States or any state of the United States, * * * or any indorsement thereon" shall be fined and imprisoned, etc., it follows that an indictment is not sufficient which fails to allege that the bank upon which a check was forged was at the time a bank authorized by law of the United States or by any state of the United States.

APPEAL FROM MERCER CIRCUIT COURT.

February 6, 1886.

OPINION BY JUDGE HOLT:

The indictment charges the appellant, John W. Rawlins, with forging and uttering a check knowing the same to be forged, committed in manner and form as follows, to wit: the said John W. Rawlins in the county of Mercer on the 6th day of March, 1885, and before the finding of the indictment herein, did forge a check upon the First National Bank of Harrodsburg, Ky., by filling out the blanks thereof and signing the name of John W. Cook thereto without his authority, said check purporting to be signed by the

said Cook and written by him when it had not been so signed nor written; and did utter the said check by presenting the same to L. D. Cardwell and receiving the money therefor from said Cardwell, viz., $3, the amount stated in same, and knowing the said check to be forged when so uttered and presented for money in exchange, said check was so forged and uttered with the fraudulent intent to obtain the possession of money by said Rawlins."

A demurrer, based upon the failure to state in the indictment that the bank was authorized by law, and upon the belief of counsel that it charged the two offenses of forgery and uttering a forged check knowing it to be such, was overruled. Upon the trial the cashier of the bank, against the appellant's objection, was permitted to prove that the check was in the handwriting of the latter, although he could not state that he had actually ever seen him write, but that he frequently had presented unindorsed checks to him for payment, and upon informing him that they must be indorsed the appellant would go to a desk in the same room, where he was somewhat hidden from the cashier by a lattice work, and in a moment would present the check with his name indorsed upon it. The appellant also asked that the jury should be allowed to inspect the place where this occurred, he avowing that it was impossible for the cashier to have seen the appellant writing at the desk. These are all the alleged errors complained of by the appellant.

The testimony of the cashier was competent to go to the jury for what it was worth, and even admitting that a view of the place would have contradicted the cashier, under the provision of the criminal code it was within the discretion of the court whether it would permit it.

The court instructed the jury that if the appellant "did forge a check on the First National Bank of Harrodsburg, Ky., for $3 by filling out the blanks thereof and signing the name of John W. Cook thereon without his authority, said check purporting to be written by the said Cook and signed by him or with his authority when it had not been so signed or written, or did utter the said check by presenting same to L. D. Cardwell or his clerk then doing business for said Cardwell and receiving the money therefor, knowing the said check to be forged when so uttered, and that

said check was so forged or uttered with the fraudulent intent to obtain possession of money," then they would find him guilty.

This instruction recognized the two offenses of forgery and knowingly uttering a forged check. The one is the false making or altering *malo animo* of a written instrument for the purposes of deceit and fraud, and may be consummated without uttering it. One person may be convicted of forging a check, and another of uttering it. The court by overruling the demurrer, which was a proper mode under our criminal code of raising the question of a misjoinder of offenses, said in effect that but one offense was charged, while by the instruction it seems to have thought otherwise. In our opinion, however, where as in this case an indictment has but one count and charges one with forging an instrument, and then adds what the same person did with it, it is to be regarded as charging him with but the one offense of forgery. He could not be convicted both for forging and uttering it; and the demurrer so far as it was based upon a misjoinder of offenses was properly overruled.

This being so, and the evidence being sufficient to support a verdict of conviction for forgery, and the punishment under the statute being the same for it as uttering a check, the appellant was not prejudiced by the instruction being in the alternative. This, however, is an indictment under Gen. Stat. 1883, ch. 29, art. 10, § 1: "If any person shall forge or counterfeit a bank bill, or note or check, or draft upon a bank, or the certificate of deposit of money therein, of any bank or company authorized by law of the United States or any state of the United States or of any foreign government, or any indorsement thereon; or shall erase or alter the same, or any indorsement thereon; or shall tender in payment, utter, vend, exchange, barter, or demand to have exchanged for money, any such forged, erased, altered or counterfeited bill, note, draft, check or certificate of deposit, or the indorsement thereon, knowing the same to be forged, counterfeited, erased or altered, he shall be confined in the penitentiary not less than two nor more than ten years."

If one be indicted under a statute he must be brought within all the material words of it. Their omission can not be cured by intendment. The above statute makes it a fact essential to the offense that the bank upon which the check has been forged shall

be one authorized by the law of this state or the United States or some foreign government; and to sustain a conviction this fact must be avowed and proved.

The statute in force prior to the present one provided the same in substance: "If any person shall forge or counterfeit a bank bill or note or check or draft upon a bank, or the certificate of deposit of money therein, of any bank or company incorporated by law in any part of the United States," etc.; and in the case of *Kennedy v. Commonwealth,* 2 Metc. (Ky.) 36, where the appellant had been convicted of uttering a counterfeit bank bill, it was held that the judgment must be reversed, because the indictment was substantially defective in failing to allege that the bank had been legally incorporated. We must pursue the statute as we find it; and the indictment failing to aver that the bank named in it was either "authorized by law of the United States or any state of the United States or any foreign government," the judgment must be *reversed* with directions to sustain the demurrer and for further proper proceedings.

*P. B. Thompson, Sr., for appellant.*

[Cited, *Commonwealth v. Lee,* 18 Ky. L. 485, 37 S. W. 72; *Messer v. Commonwealth,* 26 Ky. L. 42, 80 S. W. 489; *Commonwealth v. Miller* (Ky.), 115 S. W. 236.]